**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
Civil Action No: 5:14-cv-200-RLV-DSC

| | |
|---|---|
| REBECCA SMITH ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **STIPULATED** |
| ) | **PROTECTIVE ORDER** |
| WOODCRAFT INDUSTRIES, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiff Rebecca Smith ("Plaintiff") and Defendant Woodcraft Industries, Inc. ("Defendant") hereby agree to abide by the terms of this Stipulation for Protective Order and further stipulate that the Court may issue a Protective Order as follows:

THIS STIPULATION FOR PROTECTIVE ORDER shall apply to all materials produced or testimony given (including written discovery responses) by a party or non-party that is identified by that person or entity as confidential.

1. "Confidential Material," as used in this Stipulation for Protective Order, shall mean all documents, testimony and other information, in whatever form, including without limitation electronic, electro-magnetic or machine-readable form, that constitutes, contains, is derived from, or otherwise reflects, trade secrets, proprietary business information, competitively sensitive information, client lists, customer pricing, business plans or strategies, insurance policies, regulatory information, financial information, personnel information other than Plaintiff's personnel information, customer information, other information not generally available to the public, personal information the disclosure of which would constitute an unwarranted invasion of privacy, and any other documents or testimony properly the subject of a protective order under the Federal Rules of Civil Procedure, and which is designated in good faith by any producing party or

non-party to be confidential, whether "originals" or "copies," and all copies thereof. No information that is reasonably available to the public shall be designated as confidential under the provisions of this Stipulation for Protective Order.

2. Confidential Material designated as "CONFIDENTIAL" shall only be used for the purpose of this litigation and may be disclosed only to:

(a) the Court and Court personnel;

(b) the named parties to this action;

(c) employees of the Defendant who reasonably need access to such materials for the prosecution or defense of this litigation;

(d) the named parties' attorneys and (including those attorneys' partners, associates, legal assistants, secretaries and employees);

(e) stenographers or court reporters and their regular clerical employees in connection with recording of sworn testimony;

(f) independent experts, including their staff, retained by a party to this action;

(g) witnesses or prospective witnesses, including deposition witnesses, who reasonably need access to such materials in connection with this litigation;

(h) professional graphics, design, or copying vendors retained by counsel for a party for purposes of preparing or copying material to be used in this action; and

(i) any other person only upon written consent of the party designating the confidential information or material or otherwise upon order of the Court.

3. In no event shall anything designated as Confidential Material be used outside this litigation, used for a competitive business purpose, or disclosed to any person not permitted under paragraph 2 above, either during the pendency of this action or after it has been concluded.

4. A designation of materials as Confidential shall be made by affixing or placing the notice "CONFIDENTIAL" on such material. All such notices of such designation shall be affixed in a manner that does not interfere with the legibility or use of the materials. There shall be no such designations with respect to any materials except where the designating party or parties and

their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in paragraph 1 above.

5. Any named party, or any person giving testimony in these proceedings, may designate all or a portion of the testimony as "CONFIDENTIAL" under this Stipulation for Protective Order by advising the court reporter and all counsel at the deposition or proceeding of such fact. The court reporter shall separately transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript of the testimony with the words: "CONFIDENTIAL." Whenever any document designated as Confidential Material is identified as an exhibit in connection with deposition testimony given in the proceedings, it shall be placed in an envelope separate from the other exhibits, which envelope shall be marked, "CONFIDENTIAL EXHIBITS."

6. In the case of all depositions in this case, any portion of a transcript not designated at the time the testimony is given shall nevertheless be treated as "CONFIDENTIAL" for a period of thirty (30) days after the party or witness receives the transcript of the testimony so as to permit the party or witness time to designate some or all of the testimony as "CONFIDENTIAL" within this thirty (30) day time period. Such designation may be made by marking the transcript as "CONFIDENTIAL" or by listing the page and inclusive line numbers of the material designated as "CONFIDENTIAL" and by providing such designation to the other parties, their counsel, and the court reporter within thirty (30) days after the party or witness receives the transcript of the testimony. The court reporter shall thereafter mark the fact of each relevant page as confidential and separately transcribe those portions of the testimony so designated. Thereafter, only such portions of a transcript that have been affirmatively designated in writing by a party or witness to be "CONFIDENTIAL" shall be treated as such under this Stipulation for Protective Order.

7. Information designated as Confidential Material pursuant to this Stipulation for Protective Order shall be treated as required by this Stipulation for Protective Order by all persons to whom such information may be disclosed. In addition, persons who are authorized by Paragraph 2(f), (g), (h) and (i) of this Stipulation for Protective Order to inspect or have access to materials designated as "CONFIDENTIAL" and who do inspect any such material, shall, before conducting such inspection or having such access, be provided with a copy of this Stipulation for Protective Order and must sign Exhibit A, which is attached to this pleading.

8. If a party, without intending to waive a claim of privilege or of work product protection, produces material that is subject to a claim of privilege or of protection as work product, including but not limited to trial-preparation material, that party may notify the other party of the claim that the material is privileged or protected and explain the basis for the claim of privilege or protection. After being so notified, the receiving party must promptly sequester the specified information and any copies the party has, and shall not use or disclose the information until the claim is resolved. If the receiving party disclosed the information before being notified, the receiving party must take reasonable steps to retrieve it. Any party may submit the information to the Court under seal for a determination of the claim of privilege or of protection. The parties agree that an inadvertent production does not constitute a waiver of privilege or of work product protection.

9. At any hearing relating to this action, and subject to the rules of evidence and order of the Court, a party may use any Confidential Material for any purpose, provided that the opposing party may obtain appropriate protection from the Court.

10. After the conclusion of this case, and within 30 days of a written demand by the producing party, the receiving party shall return or destroy all designated Confidential Material

and all designated "CONFIDENTIAL" transcripts of testimony. The party returning or destroying such "CONFIDENTIAL" documents shall certify in writing that the party has complied with this paragraph. This section shall not apply to transcripts of proceedings before the Court, which shall be governed by and preserved as provided by applicable law. Notwithstanding this provision, external legal counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, deposition transcripts and exhibits, legal memoranda, correspondence, documents produced, or attorney work product. Any such archival copy that contains or constitutes Confidential Material shall remain confidential and subject to this Protective Order.

11. At any time after the production of any material designated as Confidential Material, any other party to this action may serve a written notice of objection to such designation stating the reasons for such objection. The parties shall thereafter confer or attempt to confer with each other in an effort to resolve the dispute. Should the parties be unable to resolve the issues raised by the objection within fifteen (15) days of the receipt of such objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the designation. The burden of proving the appropriateness of the designation shall be upon the party designating the materials as "CONFIDENTIAL". A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

12. Notwithstanding any provision herein to the contrary, if any named party to this action should conclude in good faith that, for the purpose of this action, it needs to disclose any of the information contained in any Confidential Material, or any information derived from such material, to any person not described in paragraph 2 of this Stipulation for Protective Order, it may request permission from counsel for the designating party to do so. If counsel cannot agree as to

the disposition of such a request, application to the Court for a ruling on such request shall be made before any such disclosure is made.

13. Confidential Material which is reproduced, referred to, or otherwise contained in transcripts of depositions, exhibits, affidavits, memoranda, briefs, written discovery, or other documents filed with the Court or the Clerk of Court, shall be placed prior to filing in a sealed envelope marked "CONTAINS CONFIDENTIAL MATERIAL UNDER PROTECTIVE ORDER" pursuant to this Stipulation for Protective Order and filed in accordance with the Court's rules for filing Confidential Material. Furthermore, the party filing any such Confidential Material shall specifically bring to the attention of the Clerk of the Court at the time of filing that the material is to be filed in accordance with the Court's rules for filing Confidential Material. All Confidential Material that is required to be electronically filed shall be filed in accordance with the rules for the United States District Court for the Western District of North Carolina. A second copy of any pleading or paper specifically intended for review by the Court may, at the direction of the Court, be hand-delivered or emailed to the judge presiding, appropriately marked, in order to assure applicable confidentiality, and that the same is brought promptly to the Court's attention.

14. Anyone who has designated materials as Confidential Material may, directly or through its counsel of record, agree in writing or on the record during any deposition or proceeding to declassify any such material.

15. Any party to this action may apply to the Court at any time for modification of this Stipulation for Protective Order, for supplemental orders or for further protection.

16. If any person bound by this Stipulation for Protective Order, including a party, in possession of documents, information, or other materials designated as Confidential Material under this Order receives a subpoena compelling production or the disclosure of such confidential

documents, materials, and/or information, such person shall promptly give written notice to the counsel for the party who designated the materials "CONFIDENTIAL," stating that Confidential Material is sought and enclosing a copy of the subpoena. Such written notice shall be given sufficiently in advance of the production date (set forth in the subpoena) to allow the party that designated the material(s) as "CONFIDENTIAL" an opportunity to object to the production. If such objection is timely made, no production shall take place absent a subsequent Court order. In no event shall production or disclosure be made before notice is given. All requirements set forth herein shall be subject to applicable law, and good faith attempts to comply herewith shall be sufficient.

17. Nothing in this Stipulation for Protective Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege or on other grounds not related to the confidentiality of the documents. The provision of this paragraph does not alter any of the duties set forth in Paragraph 8 of this Stipulation for Protective Order.

18. Nothing in this Stipulation for Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any proposed evidentiary materials.

19. This Stipulation for Protective Order is being entered into prior to filing it with the Court, and the parties hereby agree to abide by the terms of this Stipulation for Protective Order as set forth herein from the date the parties execute this Stipulation. In the event that the Court does not enter into this Stipulation for Protective Order, the parties agree to be bound by the provisions of this Stipulation and expressly represent that the terms of this Agreement are supported by good and valuable consideration.

20. In the event that one or more parties or counsel are added or substituted into this action, this Stipulation for Protective Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties or counsel to seek relief from or modification of this Order.

21. The execution of this stipulation by one member of each firm representing each of the parties shall bind the members and employees of that firm or organization associated with this matter to the proscriptions of this stipulation and order against unauthorized disclosure or use of Confidential Material.

22. Nothing in this stipulation and order shall bar or otherwise restrict any attorney or counsel herein from rendering advice to his client directly with respect to this litigation and, in the course thereof, referring or relying upon the examination of any confidential information.

23. Nothing in this stipulation and order in any manner defines the scope of discovery or the materials to be produced in this litigation.

24. In the event that one or more parties or counsel are added or substituted into this action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties or counsel to seek relief from or modification of this Order.

25. The Court retains jurisdiction subsequent to any settlement of claims by any of the parties, or the entry of judgment, to enforce the terms of the Protective Order.

Dated: June 19, 2015        COMBS LAW, PLLC

By  s/ Todd J. Combs
    Todd J. Combs, Esq. (NC Bar #23381)
Combs Law, PLLC
108 Gateway Blvd, Suite 206
Mooresville, North Carolina 28117
Telephone: 704 799-2662
**ATTORNEY FOR PLAINTIFF**

Dated: June 24, 2015        GRAY, PLANT, MOOTY,
    MOOTY & BENNETT, P.A.

By  s/ Megan L. Anderson
    Megan L. Anderson (MN Bar #248058)
    Matthew P. Webster (MN Bar#0392530)
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-632-3000
Facsimile: 612-632-4000

and

Shalanna L. Pirtle (NC Bar #36996)
Patricia Bartis (NC Bar #21212)
Parker Poe Adams & Bernstein, LLP
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
Telephone: 704-334-6628
Facsimile: 704-335-4486
**ATTORNEYS FOR DEFENDANT**

**SO ORDERED.**

Signed: July 7, 2015

_____
David S. Cayer
United States Magistrate Judge

# EXHIBIT A

_____ declares that:

    I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

    I am currently employed by _____, located at _____, and my current job title is _____.

    I have read and I understand the terms of the Protective Order dated _____, filed in *Rebecca Smith v. Woodcraft Industries, Inc., Civil Action No: 5:14-cv-200-RLV-DSC*, pending in the United States District Court, Western District of North Carolina. I agree to comply with and be bound by the provisions of the Stipulation for Protective Order. I understand that any violation of the Stipulation for Protective Order may subject me to sanctions by a Court.

    I shall not divulge any documents, or copies of documents, designated as Confidential obtained pursuant to such Stipulation for Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulation for Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulation for Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated CONFIDENTIAL, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents, or provide to the attorney an affidavit stating such materials have been destroyed.

    I submit myself to the jurisdiction of the United States District Court, Western District of North Carolina for the purpose of enforcing or otherwise providing relief relating to the Stipulation for Protective Order.

Executed on _____    _____
               (Date)                        (Signature)

GP:3980851 v1